# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FRANK DILLARD, JR., )
)
              Plaintiff, )
)
v. )     No. CIV 14-226-JHP-SPS
)
JUDGE WELCH, et al., )
)
              Defendants. )

## OPINION AND ORDER

Plaintiff Frank Dillard, Jr., an inmate in the Latimer County Detention Center in Wilburton, Oklahoma, has filed another civil rights complaint pursuant to 42 U.S.C. § 1983, alleging, among other things, he received and served two invalid sentences. He claims he has discharged the sentences, yet he is being resentenced on the same convictions, in violation of the prohibition against double jeopardy.

Plaintiff further asserts that on June 6, 2014, he had to call for emergency services, because he could not get his insulin at the detention center. In addition, he allegedly cannot get clean syringes for his insulin injections. The defendants are Latimer County Judge Welch; Latimer County, Oklahoma; and the Latimer County District Attorney. Plaintiff requests relief in the form of 7.5 billion dollars. This lawsuit is very similar to *Dillard v. Welch*, No. 14-204-RAW-SPS (E.D. Okla. June 5, 2014), and the court finds this action should be dismissed essentially for the same reasons as the earlier case.

According to the Oklahoma State Courts Network at www. oscn.net, plaintiff entered a guilty plea on January 11, 2002, in LeFlore County District Court Case No. CF-2001-419 for three counts of Use of a Lost Debit Card. He was sentenced to a fine and restitution.

Plaintiff also was convicted in Latimer County District Court Case No. CF-2001-153 for Knowingly Concealing Stolen Property and two counts of Second Degree Forgery. He contends he never possessed stolen property, and none was recovered. On April 17, 2013, an application to revoke his suspended sentences was filed in the Latimer County case, and

it apparently still is pending. Plaintiff alleges he was transported to the Latimer County Detention Center on May 16, 2014.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Latimer County District Attorney likewise possesses prosecutorial immunity from § 1983 lawsuits which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The court, therefore, finds both defendants are immune from this § 1983 lawsuit with respect to plaintiff's criminal proceedings. As for Defendant Latimer County, plaintiff has failed to allege any facts supporting its liability.

The court further finds plaintiff has failed to show that any defendant personally participated in the allegedly unconstitutional conditions of his confinement in the detention center. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). If plaintiff wants to pursue his claims regarding the conditions of his confinement in the Latimer County Detention Center, he must file a new civil rights complaint with a motion for leave to proceed *in forma pauperis* on the court's forms.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d

1471, 1475 (10th Cir. 1987). Here, the court finds this action is frivolous, because plaintiff has failed to state a claim upon which relief may be granted, and he is seeking monetary relief from defendants who are immune from such relief.

**ACCORDINGLY,** all claims against the defendants are DISMISSED WITH PREJUDICE as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 23rd day of June, 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma